**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

REUBEN AVENT,

                        Plaintiff,

          v.

PLATINUM PLUS AUTO PROTECTION, *et al.*,

                        Defendants.

1:19-CV-1494
(BKS/DJS)

**APPEARANCES:**

REUBEN AVENT
Plaintiff, *Pro Se*
2363 Adam Clayton Powell Jr. Blvd.
Apt. 5J
New York, New York 10030

**OF COUNSEL:**

**DANIEL J. STEWART**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

      The Clerk has sent for review a civil Complaint filed by Plaintiff *pro se* Reuben Avent. Dkt. No. 2, Compl. Plaintiff has not paid the filing fee, but instead submitted a Motion to Proceed *in forma pauperis* ("IFP"). Dkt. No. 1, IFP App. By separate Order, Plaintiff's Application to Proceed IFP was granted. Dkt. No. 3. Now, in accordance with 28 U.S.C. §§ 1915(e), the Court will *sua sponte* review the sufficiency of the Complaint.

### I. DISCUSSION

#### A. Pleading Requirements

      Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief

- 1 -

may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. at 678 (further citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant- unlawfully-harmed-

me accusation"). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009).

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a clam for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8(a)(2). The purpose of this Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (other citations omitted)). Rule 8 also provides that a pleading must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a).

### B. Allegations Contained in Plaintiff's Complaint

The Complaint alleges that on April 10, 2019, Defendant Strain, a sales agent of Defendant Platinum Plus Auto Protection, knowingly and willfully misrepresented an offer of insurance warranty protection on Plaintiff's automobile. Compl. at ¶ 8. Plaintiff alleges that Defendants used fraud and misrepresentation to obtain a $395 down payment based on a service contract of $4,579, which would be loaned by Defendant PayLink Direct; Defendant Palmer would administer the process and was responsible for approving the contract, and Defendant Atlantic Specialty Insurance would supervise all other Defendants, having the final decision-making power. *Id.* at ¶ 9. Plaintiff alleges that Defendant Strain misrepresented that the contract

- 3 -

provided an unconditional insurance guarantee, immediate tow and roadside assistance, and hotel service. *Id.* at ¶ 10. On April 30, 2019, Plaintiff received a written contract, which was inconsistent with representations made by Defendant Strain. *Id.* at ¶ 11. The contract contained a number of material differences from what had been represented to him over the phone; Plaintiff alleges that Defendants did this in an effort to defraud and forcibly enter African American citizens into an unlawful contract, and that African Americans were specifically targeted for this scheme. *Id.* at ¶¶ 11-14 & 20. Defendant PayLink Direct withheld Plaintiff's down payment funds, and charged his credit the full amount of the loan. *Id.* at ¶ 12. Plaintiff then repeatedly called Defendant Platinum Plus Auto Protection to ask for a refund of his deposit, but he has been unable to reach anyone there, and he has followed up with each of the other Defendants, who have refused to assist him. *Id.* at ¶ 17. Defendant PayLink then began collections based on Plaintiff's alleged $4,000 debt to it, utilizing harassing phone calls and deceptive means; each Defendant has engaged in this conduct. *Id.* at ¶ 18.

### C. Analysis of Plaintiff's Claims

*1. Claims Pursuant to 1981*

"To establish a claim under 42 U.S.C. § 1981, plaintiffs must allege facts supporting the following elements: (1) plaintiffs are members of a racial minority; (2) defendants' intent to discriminate on the basis of race; and (3) discrimination concerning one of the statute's enumerated activities." *Brown v. City of Oneonta, New York*, 221 F.3d 329, 339 (2d Cir. 2000). Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains,

penalties, taxes, licenses, and exactions of every kind, and to no other." 42 U.S.C. § 1981(a). The statute defines "make and enforce contracts" as "includ[ing] the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

Plaintiff includes three separate causes of action under Section 1981, apparently one for each subsection of the statute, which do not provide separate causes of action. Compl. at ¶¶ 21-28. Plaintiff alleges that he was denied the right to make and reject contracts, and to terminate an alleged contract. *Id.* at ¶ 24. He further alleges that Defendants acted "through racially screened policies, customs, and practice designed to single out and profile African Americans." *Id.* at ¶ 8. The Court recommends finding that, very liberally construed, Plaintiff's Section 1981 claim may proceed.

### *2. Claims for Constitutional Violations*

Plaintiff's fourth and fifth causes of action are for violations of the Fourth, Fifth, and Fourteenth Amendments. Compl. at ¶¶ 29-33. "[C]onstitutional claims can only be brought against governmental actors." *The Homeless Patrol v. Joseph Volpe Family*, 2010 WL 2899099, at \*10 (S.D.N.Y. June 29, 2010). "The conduct allegedly causing the deprivation of a federal right [must] be fairly attributable to the State." *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982); s*ee also Friend v. Union Dime Sav. Bank*, 1980 WL 227, at \*2 (S.D.N.Y. 1980) ("[T]he First, Fifth and Fourteenth Amendments require governmental action.") (citing *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 349 (1974), *Central Hardware Co. v. NLRB,* 407 U.S. 539, 547 (1972), and *Public Utilities Commission v. Pollak,* 343 U.S. 451, 462-63 (1952)); *Parkinson v. Hartford Hosp.*, 2009 WL 2475336, at \*2 (D. Conn. May 28, 2009) ("The Fourth Amendment is not applicable to private conduct or to actions taken by private citizens; it applies

only to government actors or agents, or those acting with the participation or knowledge of government officials.").

Plaintiff alleges that "[a]t all times all defendants was jointly and willingly participants with state actors, in state activities or/and with its agents Atlantic Specialty Insurance Company a defendant delegated with state authority in its former state obligation of providing insurance to citizens of New York as required and obligated by State Law." Compl. at ¶ 6. However, "[t]he concepts of acting 'jointly' or in 'conspiracy with' state actors are intertwined . . . [and e]ven if considered as conceptually separate theories, both require the pleading of facts sufficient to show something more than conclusory allegations." *Harrison v. New York*, 95 F. Supp. 3d 293, 322 (E.D.N.Y. 2015) (citations omitted). Plaintiff's conclusory allegations of a conspiracy and that Defendants were state actors because one of the Defendants operated pursuant to New York law are insufficient to support these claims to go forward. The Court recommends Plaintiff's claims of constitutional violations be dismissed.

"Ordinarily, a court should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tomkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). The Court therefore recommends that Plaintiff be given the opportunity to amend this claim.

### 3. FDCPA Claims

Plaintiff's sixth cause of action is for violations of the Federal Debt Collection Practices Act ("FDCPA"). Compl. at ¶¶ 34-35. The FDCPA seeks "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive

debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692. The statute protects against, among other things, harassment, oppression, or abuse in connection with the collection of a debt, false or misleading representations, and other unfair practices. 15 U.S.C. § 1692 *et seq.*

Here, Plaintiff alleges that Defendant PayLink instituted collections on his debt, and that he was "harassed and intimidated by defendant PayLink Direct constantly by phone calls," that he received threats through phone calls, and that each Defendant engaged in unlawful debt collection practices. Compl. at ¶ 18. The Court recommends that this claim be permitted to proceed.

### *4. State Law Claims*

Plaintiff also asserts state law claims for fraud in the inducement and breach of contract. Compl. at ¶¶ 36-37. "To state a claim in federal court for a breach of contract under New York law, a complaint need only allege (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of the contract by the defendant, and (4) damages." *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996). "In order to establish fraud in the inducement, plaintiffs must show that defendants (1) made a material misrepr[e]sentation; (2) as to a material existing fact; (3) which was false; (4) and known to be false by defendants; (5) for the purpose of inducing plaintiffs to rely on the falsehood; (6) plaintiffs reasonably relied upon it; (7) without knowledge of its falsehood; (8) to their injury." *Prince v. Dep't of Soc. Servs. Of Oneida Cty.*, 2016 WL 3526071, at *14 (N.D.N.Y. May 5, 2016) (citing *Petrello v. White*, 412 F. Supp. 2d 215, 227 (E.D.N.Y. 2006)). At this early stage and considering Plaintiff's *pro se* status, I recommend these claims be permitted to proceed.

## II. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Plaintiff's claims pursuant to the Fifth, Fourth, and Fourteenth Amendment be **DISMISSED** with leave to replead; and it is further

**RECOMMENDED**, that the remainder of Plaintiff's claims be permitted to proceed.[1]; and it is

**ORDERED**, that this Report-Recommendation and Order be served upon the parties pursuant to the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: February 14, 2020
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[1] The Court expresses no view as to whether the allegations in the Complaint would be sufficient to survive a dispositive Motion.

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).