**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

REUBEN AVENT,

                                   Plaintiff,                    1:19-cv-1494 (BKS/DJS)

v.

PLATINUM PLUS AUTO PROTECTION, et al.,

                                   Defendants.

**Appearances:**

*Plaintiff pro se:*
Reuben Avent
New York, NY 10030

*For Defendant Platinum Plus Auto Protection:*
Michael D. Kabat
Matthew A. Keilson
Kabat Chapman & Ozmer LLP
171 17th Street NW, Suite 1550
Atlanta, GA 30363

**Hon. Brenda K. Sannes, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I.      INTRODUCTION

Plaintiff pro se Reuben Avent brought this action against Platinum Plus Auto Protection

("Platinum Plus"), Atlantic Specialty Insurance Company ("Atlantic"),[1] Palmer Administrative

Services, Inc. ("Palmer"), PayLink Direct, and Christina Strain, asserting claims under 42 U.S.C.

§§ 1981 and 1983, the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, et

seq., and state law claims for fraud and breach of contract arising out of warranty protection

---

[1] Atlantic has been dismissed as a defendant. (Dkt. No. 58).

insurance for his vehicle. (Dkt. No. 2).[2] Following 28 U.S.C. § 1915(e) review and pretrial motions to dismiss, there is only a fraud claim remaining. (Dkt. Nos. 9, 49). Presently before the Court is Platinum Plus's motion to: (1) dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with court orders or prosecute this case; (2) enjoin Plaintiff from filing future pro se lawsuits against it arising out of the same subject matter without Court approval; and (3) award it reasonable fees and costs under the Court's inherent authority. (Dkt. No. 73). Plaintiff has not responded to this motion. For the reasons set forth below, Defendant's motion is granted in part and denied in part, and this action is dismissed under Rule 41(b) of the Federal Rules of Civil Procedure.

## II.   PROCEDURAL HISTORY[3]

Plaintiff commenced this action on October 21, 2019, with a request to proceed *in forma pauperis* which was granted on November 25, 2019. (Dkt. Nos. 2, 3). On April 6, 2020, following review under 28 U.S.C. 1915(e), the Court dismissed, with leave to replead, Plaintiff's claims of violations of the Fourth, Fifth and Fourteenth Amendments. *Avent v. Platinum Plus Auto Prot.* (*Platinum Plus II* Order I), No. 19-cv-1494, 2020 WL 1689803, 2020 U.S. Dist. LEXIS 60516 (N.D.N.Y. Apr. 6, 2020). Plaintiff did not file an amended complaint.

---

[2] This is the second action Plaintiff has brought arising out of this vehicle service plan. On July 11, 2019, Plaintiff filed a complaint against Platinum Plus, Strain, and PayLink Direct in this Court alleging violations of 42 U.S.C. §§ 1981, 1983 and 1988. (Case No. 19-cv-0831). The Court dismissed the complaint on September 16, 2019, without prejudice as to the claims under §§ 1983 and 1981 and with prejudice as to the claim under § 1988. *Avent v. Platinum Plus Auto Prot.* (*Platinum Plus I*), No. 19-cv-0831, 2019 WL 4417775, 2019 U.S. Dist. LEXIS 127791 (N.D.N.Y. July 29, 2019), *report and recommendation adopted*, 2019 WL 4415527, 2019 U.S. Dist. LEXIS 157238 (N.D.N.Y. Sept. 16, 2019). Plaintiff then brought this action in the Southern District of New York. (Dkt. No. 2). On November 26, 2019, the case was transferred to the Northern District of New York because venue was not proper in the Southern District of New York as Plaintiff's claims arose in this district when he was living in Duanesburg, New York. (Dkt. No. 4); *see also Avent v. Platinum Plus Auto Prot.* (*Platinum Plus II* Order II), No. 19-cv-1494, 2021 WL 706643, at *1 n.1, 2021 U.S. Dist. LEXIS 33169, at *1 n.1 (N.D.N.Y. Feb. 23, 2021).

[3] Citations are to Case No. 19-cv-1494 unless otherwise specified. The Court assumes familiarity with Plaintiff's factual allegations as set forth in the Court's decision in *Platinum Plus II* Order II, 2021 WL 706643, at *1–3, 2021 U.S. Dist. LEXIS 33169, at *2–7.

Between July 6 and August 4, 2020, Defendants Palmer, PayLink Direct, Platinum Plus, and Atlantic filed motions to dismiss for failure to state a claim and lack of subject matter jurisdiction. (Dkt. Nos. 18, 19, 21, 31). Plaintiff filed a cross-motion for default judgment and a response to all three motions to dismiss on August 25, 2020. (Dkt. No. 42). On February 23, 2021, the Court granted the motions to dismiss in part, and dismissed Plaintiff's § 1981, FDCPA, and breach of contract claims against all Defendants, as well as Plaintiff's fraud claim against Atlantic. *Platinum Plus II* Order II, 2021 WL 706643, at *14, 2021 U.S. Dist. LEXIS 33169, at *38. The Court denied Plaintiff's motion for default judgment, but granted Plaintiff leave to file an amended complaint with respect to his § 1981, breach of contract, and fraud claims. *Id.* Plaintiff did not file an amended complaint.

On March 11, 2021, Plaintiff filed a notice of interlocutory appeal of the February 23 order. (Dkt. No. 50). On April 21, 2021, Plaintiff submitted a petition for a writ of mandamus to the Second Circuit Court of Appeals. (Dkt. No. 56). On June 2, 2021, the Second Circuit dismissed Plaintiff's interlocutory appeal for lack of jurisdiction because there was no final order. (Dkt. No. 64).

On June 9, 2021, Plaintiff submitted a letter motion requesting an extension, stay, or assignment of counsel because he "had unfortunately been in an accident on 5/28/2021 where [his] car was T-boned and [he] sustained neck and back injuries with [] pain in shoulder and arm" and was therefore "unable at this time to meet deadlines assigned by [the Court]." (Dkt. No. 59, at 1). On July 26, 2021, United States Magistrate Judge Daniel J. Stewart issued a text order scheduling a Rule 16 telephone conference for September 8, 2021, and directing the parties to submit a proposed Civil Case Management Plan and exchange mandatory disclosures by September 1, 2021. (Dkt. No. 67). The Court sent a copy of the text order to Plaintiff by regular

mail. (*Id.*). Plaintiff did not appear at the conference. (Text Minute Entry Sept. 8, 2021; Dkt. No. 71, at 2). Although Defendants' counsel represented that they "ha[d] spoken with Plaintiff in advance of this conference," (Text Minute Entry Sept. 8, 2021), the Court was unable to contact Plaintiff by "telephone using the phone number listed on the case docket," as "each time there was no answer or any ability to leave a voicemail," (*id.*). The text order reflects that Defendants had served the mandatory disclosures, but Plaintiff had not. (*Id.*).

On September 14, 2021, Magistrate Judge Stewart issued a Uniform Pretrial Scheduling Order setting a due date of September 22, 2021, to amend the pleadings and a due date of December 8, 2021, to complete discovery. (Dkt. No. 70). Magistrate Judge Stewart issued a written order the next day captioned "Plaintiff's obligation to prosecute this matter." (Dkt. No. 71). Magistrate Judge Stewart: (1) advised Plaintiff "that all parties to an action are 'required to comply with legitimate court directives and to participate in scheduled proceedings, including status conferences and discovery'"; (2) warned Plaintiff that his failure to appear at future conferences, failure to provide the Court with updated contact information, and "failure to participate in discovery and to otherwise prosecute his case may result in dismissal of the case"; and (3) ordered Plaintiff to serve defense counsel with his Rule 26 disclosures and provide the Court his current address and phone number on or before October 1, 2021. (*Id.*).[4] Plaintiff did not file anything in response to this Order.

On December 27, 2021, after all of the deadlines set in the Uniform Pretrial Scheduling Order had passed, Platinum Plus filed the present motion to dismiss. (Dkt. No. 73). Platinum Plus submitted a declaration of attorney Matthew A. Keilson in support of its motion. (Dkt. No.

---

[4] Magistrate Judge Stewart also denied Plaintiff's request for appointment of counsel and "decline[d] to stay discovery without a further showing from Plaintiff that a stay is warranted," in light of the extensions provided in that order. (Dkt. No. 71, at 5).

73-1, at 2–3). Mr. Keilson states that he spoke with Plaintiff on the phone and via email before filing the Case Management Report on September 1, 2021, and that Plaintiff "declined to participate in preparing a schedule." (*Id.* at 2). Mr. Keilson states that he has not received the initial disclosures from Plaintiff that were due by October 1, 2021, and that Plaintiff has failed to respond to Platinum Plus's discovery requests, including requests for admission, that were served on Plaintiff on September 17, 2021. (*Id.* at 2–3).

Plaintiff failed to respond to the motion to dismiss by the January 18, 2022 deadline. On January 31, 2022, the Court sua sponte granted Plaintiff an extension of time to respond, "[i]n view of [his] pro se status." (Dkt. No. 74). The Court warned Plaintiff that his "failure to file any response to the motion may result in the motion being granted." (*Id.*). Plaintiff did not file a response to the motion.

## III.    DISCUSSION

Defendant Platinum Plus seeks: (1) the dismissal of Plaintiff's claims with prejudice under Rule 41(b) for failure to prosecute and failure to comply with Court orders; (2) the issuance of an injunction to prevent Plaintiff from filing future lawsuits against Platinum Plus without acquiring leave of the Court; and (3) an order compelling Plaintiff to reimburse Platinum Plus for the fees and costs related to defending this action. (Dkt. Nos. 73, 73-1).

### A.    Failure to Prosecute and Failure to Comply with Court Orders

Under Rule 41(b) of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962); *see also* N.D.N.Y. L.R. 41.2(a) ("Whenever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge may

order it dismissed."). Such a dismissal "operates as an adjudication on the merits." Fed. R. Civ.

P. 41(b).

The Second Circuit has stated that:

> [T]he involuntary dismissal is an important tool for preventing
> undue delays and avoiding docket congestion. But it is also one of
> the harshest sanctions at a trial court's disposal, since it usually
> extinguishes the plaintiff's cause of action and denies plaintiff his
> day in court. As a result, it is reserved for use only in the most
> extreme circumstances.

*U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004) (internal citation

omitted). Courts "should be especially hesitant to dismiss for procedural deficiencies where the

failure is by a pro se litigant." *Hunter v. N.Y. State Dep't of Corr. Servs.*, 515 F. App'x 40, 42

(2d Cir. 2013) (summary order) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996))

(internal punctuation omitted).

When determining whether dismissal under Rule 41(b) for failure to prosecute is

appropriate, courts must consider the following factors:

> [W]hether (1) the plaintiff's failure to prosecute caused a delay of
> significant duration; (2) plaintiff was given notice that further delay
> would result in dismissal; (3) defendant was likely to be prejudiced
> by further delay; (4) the need to alleviate court calendar congestion
> was carefully balanced against plaintiff's right to an opportunity for
> a day in court; and (5) the trial court adequately assessed the efficacy
> of lesser sanctions.

*U.S. ex rel. Drake*, 375 F.3d at 254. None of these factors is dispositive. *Lopez v. Smurfit-Stone*

*Container Entm't, Inc.*, 289 F.R.D. 103, 104–05 (W.D.N.Y. 2013). Similarly, when considering

whether to dismiss under Rule 41(b) for failure to comply with court orders, the court

> must weigh five factors: (1) the duration of the plaintiff's failure to
> comply with the court order; (2) whether plaintiff was on notice that
> failure to comply would result in dismissal; (3) whether the
> defendants are likely to be prejudiced by further delay in the
> proceedings; (4) a balancing of the court's interest in managing its

> docket with the plaintiff's interest in receiving a fair chance to be
> heard; and (5) . . . consider[ation of] a sanction less drastic than
> dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (internal quotation marks and citation
omitted).

Considering all of these factors, the Court concludes that dismissal under Rule 41(b) is
warranted. First, although defense counsel reports communicating with Plaintiff in advance of
the September 8, 2021 conference, (Dkt. No. 73-2, at 2), Plaintiff has not communicated with the
Court in over a year, (*see* Dkt. No. 59), resulting in delay of this action. This length of time
without communication from Plaintiff weighs in favor of dismissal. *See Nelson v. VanHosen*,
No. 20-cv-0258, 2022 WL 605741, at *2, 2022 U.S. Dist. LEXIS 17994, at *6 (N.D.N.Y. Feb. 1,
2022) ("Although there is no bright-line rule setting forth a duration of a plaintiff's failure to
communicate that would warrant dismissal, courts have generally found that as few as eight
months of no communication weighs in favor of dismissal.") (collecting cases), *report and
recommendation adopted* 2022 WL 602651, 2022 U.S. Dist. LEXIS 36050 (N.D.N.Y. Mar. 1,
2022); *McNamee v. Schoharie Cty. Jail*, No. 06-cv-1364, 2008 WL 686796, at *11[5] (N.D.N.Y.
Feb. 13, 2008) (recommending dismissal after eight months of no communication from the
plaintiff), *report and recommendation adopted* 2008 WL 686796, 2008 U.S. Dist. LEXIS 18286
(N.D.N.Y. Mar. 10, 2008); *see also* N.D.N.Y. L.R. 41.2(a) ("[A] plaintiff's failure to take action
for four (4) months shall be presumptive evidence of lack of prosecution.").

Further, Plaintiff's failure to comply with Court orders has led to significant delay in this
case. Plaintiff failed to comply with the Court's July 26, 2021 text order setting a Rule 16
conference on September 8, 2021 and directing the exchange of mandatory disclosures by

---

[5] No LEXIS cite available.

September 1st. (Dkt. No. 67). Plaintiff failed to appear for the conference and failed to exchange the mandatory disclosures required by the Court. (Text Minute Entry Sept. 8, 2021). Discovery was due to be completed by December 8, 2021, (*id.*), but Plaintiff has failed to respond to the discovery served on him by Platinum Plus. (Dkt. No. 73-2, at 2–3).

Second, Plaintiff was specifically warned that "failure to participate in discovery and to otherwise prosecute his case may result in dismissal of the case," (Dkt. No. 71, at 3; *see also* Dkt. No. 74 (text order warning Plaintiff that his "failure to file any response to the motion [to dismiss for failure to prosecute] may result in the motion being granted")). The second factor thus weighs in favor of dismissal.

Third, Platinum Plus would likely be prejudiced by Plaintiff's continued failure to prosecute this action by being forced to continue to bear the costs of litigation in this case which has been pending for almost three years. (Dkt. No. 73-1, at 9).

Fourth, while the Court is mindful of Plaintiff's right to be heard, because Plaintiff has: (1) failed to provide the Court with his updated address and telephone number despite a reminder of his obligation to do so, (Dkt. No. 71, at 5); (2) failed to appear for the Rule 16 conference, (*id.* at 2; Text Minute Entry Sept. 8, 2021); (3) failed to provide mandatory disclosures or participate in discovery, (Text Minute Entry Sept. 8, 2021; Dkt. No. 73-1, at 6); and made no contact with the Court in over a year, despite the Court's directives, (Dkt. Nos. 70, 71, 74), the Court finds that the need to alleviate calendar congestion outweighs Plaintiff's right to a day in court. *See Colozzi v. St. Joseph's Hosp. Ctr.*, No. 08-cv-1220, 2010 WL 3433997, at *2, 2010 U.S. Dist. LEXIS 88685, at *4–5 (N.D.N.Y. July 20, 2010) (noting that "a party to an action pending in a federal district court . . . is required to comply with legitimate court directives and to participate in scheduled proceedings, including status conferences," and failure to do so "provides a basis

for the striking of the offending party's pleadings and the entry of appropriate corresponding relief"), *report and recommendation adopted* 2010 WL 3464155, 2010 U.S. Dist. LEXIS 88736 (N.D.N.Y. Aug. 27, 2010).

Finally, where Plaintiff has made no indication that he intends, at this point, to pursue this action further and has repeatedly failed to comply with Court orders, the Court concludes that a sanction less than dismissal would be ineffective. *See Mack v. Wood*, No. 17-cv-1146, 2022 WL 124297, at *3, 2022 U.S. Dist. LEXIS 7121, at *8 (N.D.N.Y. Jan. 13, 2022) ("[W]here, as here, Plaintiff remains unreachable and has repeatedly failed to comply with Court orders, the Court concludes that a sanction less than dismissal would be ineffective."). Therefore, having carefully considered the relevant factors, the Court finds that dismissal of the Complaint for failure to prosecute and failure to comply with Court orders is warranted under Fed. R. Civ. P. 41(b).

**B.     Pre-Filing Injunction**

Platinum Plus also requests a pre-filing injunction to "enjoin Plaintiff from filing future lawsuits against Platinum Plus arising out of the same subject matter of this litigation without prior leave of court." (Dkt. No. 73-1, at 12). For the following reasons, the Court denies Platinum Plus's request for an injunction.

The All Writs Act, 28 U.S.C. § 1651, gives federal courts the authority to "sanction a vexatious litigant who abuses the judicial process by enjoining him from pursuing future litigation without the leave of the court." *Yefimova v. Trusco Bank*, No. 17-cv-0730, 2017 WL 4216987, at *3, 2017 U.S. Dist. LEXIS 120752, at *11 (N.D.N.Y. July 31, 2017) (first citing *Malley v. N.Y.C. Bd. of Educ.*, 112 F.3d 69, 69–70 (2d Cir. 1997), and then citing *Horoshko v. Citibank, N.A.*, 373 F.3d 248, 250 (2d Cir. 2004)), *report and recommendation adopted* 2017 WL 4157337, 2017 U.S. Dist. LEXIS 150992 (N.D.N.Y. Sept. 18, 2017). "An enjoinder may be permanent or may impose the less drastic remedy of a 'leave to file' requirement." *Id.* (citations

omitted). However, courts recognize that granting such an injunction "is generally appropriate only in the most extraordinary of circumstances, once a pattern of frivolous or harassing litigation has emerged," though "a district court 'need not wait until a vexatious litigant inundates each federal district court with meritless actions.'" *Malcolm v. Bd. of Educ. of the Honeoye Falls-Lima Cent. Sch. Dist.*, 737 F. Supp. 2d 117, 120 (W.D.N.Y. 2010) (citing *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984)), *aff'd* 506 F. App'x 65 (2d Cir. 2012) (summary order).

### 1.    Notice and Opportunity to Be Heard

"Before a filing sanction is imposed . . . a litigant must be provided notice and an opportunity to be heard." *Malcolm*, 506 F. App'x at 69 (citation omitted). Here, Plaintiff was given notice of the requested injunction through the filing of Platinum Plus's motion to dismiss, (Dkt. No. 73), to which Plaintiff had an opportunity to be heard through filing a response but failed to do so, (Dkt. No. 74); *see Malcolm*, 506 F. App'x at 70 (finding that the "[plaintiff] was afforded sufficient notice of the possible injunction through the defendants' first motion to dismiss and was provided with an opportunity to respond to that motion").

### 2.    The Five Factors

"In determining whether to restrict a litigant's future ability to sue, a court must consider 'whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.'" *Eliahu v. Jewish Agency of Israel*, 919 F.3d 709, 713–14 (2d Cir. 2019) (citing *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)). The Second Circuit has identified the following factors to be considered in deciding whether to impose an anti-filing injunction:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant

> have an objective good faith expectation of prevailing?; (3) whether
> the litigant is represented by counsel; (4) whether the litigant has
> caused needless expense to other parties or has posed an
> unnecessary burden on the courts and their personnel; and (5)
> whether other sanctions would be adequate to protect the courts and
> other parties.

*Id.* at 714 (quoting *Iwachiw v. N.Y. Dep't. of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005)).

As to the first factor, Plaintiff's litigation history, this is the second action Plaintiff has

brought against Platinum Plus arising out of his vehicle service plan. *See Platinum Plus I*, 2019

WL 4417775, 2019 U.S. Dist. LEXIS 127791. Plaintiff has filed at least eight other cases in this

district, two of which have been dismissed under circumstances similar to the case at hand. *See*

*Avent v. Meilunas*, No. 19-cv-0070, Dkt. No. 13 (N.D.N.Y. July 18, 2019) (dismissing the action

after Plaintiff failed to file an amended complaint following a dismissal order); *Avent v. State of*

*New York*, No. 09-cv-00436, Dkt. No. 77 (N.D.N.Y. Sept. 1, 2011) (dismissing the action under

Fed. R. Civ. P. 37 after Plaintiff failed to appear for a deposition after being warned four times

about the possibility of dismissal if he failed to attend, and failed to advise the court of his

current address); *see also Avent v. Reardon*, No. 19-cv-1565, Dkt. No. 56 (N.D.N.Y. May 12,

2022) (pending motion to dismiss for failure to prosecute).[6] Defendant cites to two other actions

in the Southern District of New York in which Plaintiff failed to file an amended complaint after

being granted leave to do so, resulting in dismissal of the actions. (Dkt. No. 73-1, at 11 (citing

*Avent v. Unknown Charity Assistant Att'y Gen.*, 19-cv-10923, Dkt. No. 17 (S.D.N.Y. April 6,

2020), and *Avent v. Keybank*, 21-cv-01466, Dkt. No. 5 (S.D.N.Y. July 19, 2021)). The Court

further notes that Plaintiff has commenced at least ten other civil actions in the Southern and

---

[6] The other cases Plaintiff filed in this district are: *Avent v. Filion*, No. 04-cv-0302 (N.D.N.Y. filed 2004); *Avent v. Doe*, No. 05-cv-1311 (N.D.N.Y. filed 2005); *Avent v. Fisher*, No. 07-cv-1135 (N.D.N.Y. filed 2007); *Avent v. Progressive Cas. Ins. Co.*, No. 19-cv-0830 (N.D.N.Y. filed 2019); *Avent v. Estevez*, No. 20-cv-0908 (N.D.N.Y. filed 2020) (partial transfer from *Avent v. Estevez*, No. 20-cv-1197 (S.D.N.Y. filed 2020)).

Western Districts of New York and filed numerous appeals in the Second Circuit,[7] and has been

warned about a potential filing injunction by district courts in the Southern District of New York,

*see, e.g.*, *Avent v. Dellicarri*, No. 02-cv-06036, Dkt. No. 3 (S.D.N.Y. July 30, 2002) ("Plaintiff is

hereby warned that [] the Court will not toler[ate] the continued filing of non-meritorious cases

in this court, [and] he may be barred from filing any further cases in forma pauperis in this Court

without first seeking leave to do so."); *Avent v. Keybank*, No. 21-cv-01466, 2021 WL 1253840,

at * 5, 2021 U.S. Dist. LEXIS 65771, at *13–14 (S.D.N.Y. Apr. 1, 2021) ("Plaintiff is warned

that further nonmeritorious litigation in this District may result in an order barring him from

filing new actions [*in forma pauperis*] without prior permission." (citing 28 U.S.C. § 1651)).

However, the Court does not find Plaintiff's litigation history and against Platinum Plus

in particular to be so "vexatious, harassing or duplicative" as to weigh in favor of an injunction

against filing future lawsuits against Platinum Plus arising out of the subject matter of this

litigation. This is Plaintiff's second action against Platinum Plus arising out of the warranty

protection insurance. In *Platinum Plus I*, the Court dismissed Plaintiff's complaint in accord with

28 U.S.C. § 1915(e)(2)(B) because, inter alia, Plaintiff had not alleged that the defendants were

acting under color of state law or that he was a member of a racial minority, and gave Plaintiff an

opportunity to replead his §§ 1981 and 1983 claims. 2019 WL 4417775, at *2–3, 2019 U.S. Dist.

LEXIS 127791, at *5–6, *report and recommendation adopted*, 2019 WL 4415527, 2019 U.S.

Dist. LEXIS 157238 (N.D.N.Y. Sept. 16, 2019). Plaintiff failed to amend, but later filed the

present suit, including additional allegations as well as new claims under state law. (*See* Dkt. No.

2, ¶¶ 2, 8, 36–37). Plaintiff's § 1981 claim then survived the § 1915(e) analysis when "very

---

[7] *See* Western District Party/Case Index, https://nywd-ecf.sso.dcn/cgi-bin/iquery.pl?186018281465853-L_1_0-1; Southern District Party/Case Index, https://nysd-ecf.sso.dcn/cgi-bin/iquery.pl?839278484437036-L_1_0-1; Second Circuit Case Search, https://ca2-ecf.sso.dcn/cmecf/jsp/CaseSelectionTable.jsp; Second Circuit Cases Filed Before January 2010, https://ca2-ecf.sso.dcn/cmecf/jsp/CaseSearchLegacyResult.jsp (last accessed Aug. 16, 2022).

liberally construed," (*see* Dkt. No. 8, at 5), and his state law fraud claim against Platinum Plus survived § 1915(e) review and motions to dismiss, *see Platinum Plus II* Order I, 2020 WL 1689803, at *1, 2020 U.S. Dist. LEXIS 60516, at *2; *Platinum Plus II* Order II, 2021 WL 706643, at *12–13, 2021 U.S. Dist. LEXIS 33169, at *33–34. Defendant asserts that Plaintiff has "filed 'frivolous' appeals, forcing Platinum Plus to incur the expense of unnecessary appellate briefing," (*see* Dkt. No. 73-1, at 10), but Plaintiff's appeal was dismissed sua sponte by the Second Circuit, without briefing from the parties, because a final order had not been issued by the district court, (Dkt. No. 64 ).[8]

The second factor, the litigant's motive in pursuing the litigation, likewise weighs against issuing an injunction. Repeated filings regarding the same underlying facts or against the same defendants can reveal a lack of objective good faith expectation of prevailing. *See Eliahu*, 919 F.3d at 715 ("The dismissal of similar, if not identical, prior actions underscores that [plaintiffs] had little, if any, good faith basis for believing they could prevail on their claims." (citation omitted)). But here Plaintiff has only filed one prior action against Platinum Plus based on these underlying facts, and his §§ 1981 and 1983 claims in that action were dismissed without prejudice. *Cf. id.* (plaintiffs lacked an objective good faith expectation of prevailing when they had raised the same claims and defenses in Israel, lost, and came to the United States to continue pressing the same claims); *Iwachiw*, 396 F.3d at 529 (plaintiff did not have an objective good faith expectation of prevailing before the district court when he had brought an unsuccessful "frivolous" appeal in a similar previous action).

---

[8] The Court notes that this is not the first time that Plaintiff has filed an interlocutory appeal that the Second Circuit dismissed sua sponte because there was no final order. *See, e.g., Avent v. State of New York*, No. 10-3341-pr, Dkt. No. 25 (2d Cir. Dec. 3, 2010).

The third factor, whether the litigant is represented by counsel, typically weighs against granting an injunction for a pro se litigant. *See Davey v. Dolan*, 453 F. Supp. 2d 749, 756 (S.D.N.Y. 2006) (citing *Iwachiw v. New York City Bd. of Educ.*, 194 F. Supp. 2d 194, 208 (E.D.N.Y. 2002)). However, because Plaintiff has "extensive experience with litigating cases in federal court," *Avent v. Reardon*, No. 19-cv-1565, 2020 WL 7705938, at *9, 2020 U.S. Dist. LEXIS 241193, at *30 (N.D.N.Y. Dec. 28, 2020), "the Court assigns less weight to this factor than it might otherwise assign," *see Speer v. Norwich Pub. Utils.*, No. 19-cv-2005, 2021 WL 1978702, at *6, 2021 U.S. Dist. LEXIS 94063, at *19 (D. Conn. May 18, 2021).

The fourth factor, whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel, weighs slightly in favor of granting an injunction. While this is only Plaintiff's second action against Platinum Plus, and the record does not reflect that the action was frivolous, Plaintiff failed to amend his Complaint, and failed to attend the Rule 16 Conference, participate in the discovery process, or respond to the present motion, despite receiving extensions and warnings. *See supra* Section III.A. Plaintiff has therefore caused needless expense to Platinum Plus, who has incurred the expense of defending these actions, as well as burdened the Court.

Finally, the fifth factor, whether other, lesser sanctions would be adequate in protecting the courts and other parties, weighs in favor of injunctive relief. Because Plaintiff filed his lawsuits against Platinum Plus *in forma pauperis*, monetary sanctions would likely not be effective. *See Lacy v. Principi*, 317 F. Supp. 2d 444, 449 (S.D.N.Y. 2004) ("Because plaintiff filed this lawsuit *in forma pauperis*, we conclude that monetary sanctions against him would be ineffective." (citing *Martin-Trigona*, 737 F.2d at 1262)). As such, a lesser form of sanction may

not adequately dissuade Plaintiff from bringing additional actions against Platinum Plus based on these facts, and the fifth factor weighs in favor of granting injunctive relief.

### 3.    Scope of the Requested Injunction

As injunctive relief is an extreme remedy, the terms of a filing injunction must be sufficiently narrow so as not to impede upon the recipient's "ability to pursue meritorious claims." *Iwachiw*, 396 F.3d at 529; *see Safir*, 792 F.2d at 25 (modifying an injunction that was too broad as to "foreclose what might be a meritorious claim"); *Bd. of Managers of 2900 Ocean Ave. Condo. v. Bronkovic*, 83 F.3d 44, at 45 (2d Cir. 1996) ("[I]njunctions must be appropriately narrow." (citing *Safir*, 792 F.2d at 25)).

Here, Defendant has requested that the Court "enjoin Plaintiff from filing future lawsuits against Platinum Plus arising out of the same subject matter of this litigation without prior leave of court," (Dkt. No. 73-1, at 12), a narrow request, *see Malcolm*, 506 F. App'x at 70 (finding that a filing injunction was "narrowly-crafted" when it prevented the plaintiff only from filing future federal complaints relating to the subject matter of the litigation and did not "infringe on her ability to initiate suits in state court, file appeals in [the Second Circuit], or prosecute her pending actions in the district court"). But Plaintiff's litigation history does not reflect an "insatiable appetite for litigating" against Platinum Plus in particular, *see Ulysses I & Co. v. Feldstein*, No. 01-cv-03102, 2002 WL 1813851, at *14, 2002 U.S. Dist. LEXIS 14541, at *44 (S.D.N.Y. Aug. 8, 2002). Although "there is not . . . a strict numerosity requirement that must be met before a district court may exercise its discretion to enjoin a litigant from filing future actions," *Eliahu*, 919 F.3d at 714, "most courts that have enjoined future filings have done so after a greater number of redundant complaints [than four]," *Miller v. Austin*, No. 20-cv-1958, 2021 WL 1226770, at *7, 2021 U.S. Dist. LEXIS 62448, at *20 (S.D.N.Y. Mar. 31, 2021); *see also*

*Malley*, 112 F.3d at 69 (affirming a filing injunction where plaintiff had filed five complaints based on the same underlying facts).

After consideration of the factors discussed above, the Court will not issue a filing injunction at this time. However, the Court warns Plaintiff that continuing to litigate actions in which he fails to prosecute, and fails to comply with court orders may result in further sanctions, including a filing injunction. *See Houghtaling v. Eaton*, 559 F. Supp. 3d 164, 172 (W.D.N.Y. 2021) (denying a filing injunction in light of plaintiff's pro se status and instead issuing a warning that further frivolous litigation "may result in the entry of a filing injunction against him").

## C.      Reasonable Fees and Costs

Platinum Plus also requests that the Court award fees and costs pursuant to its inherent authority for "forcing a small, struggling company to bear the financial pains of frivolous litigation." (Dkt. No. 73-1, at 12). Federal courts possess "inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," which includes the ability to order "an assessment of attorney's fees" in response to "conduct which abuses the judicial process." *Goodyear Tire & Rubber Co. v. Haeger*, ---U.S. ---, 137 S. Ct. 1178, 1186 (2017) (internal quotations and citations omitted); *see also Chambers v. NASCO*, 501 U.S. 32, 50 (1991) ("[F]ederal courts [are not] forbidden to sanction bad-faith conduct by means of the inherent power simply because that conduct could also be sanctioned under the statute or the Rules.").[9] Such a sanction may entail "instructing a party that has acted

---

[9] To the extent that Platinum Plus's motion for fees and costs can be considered a request under Fed. R. Civ. P. 11, it is improper. Under Rule 11, "a motion for sanctions *must be made separately from any other motion* and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2) (emphasis added).

To the extent that its request can be considered one under Rule 16, in response to Plaintiff failing to attend the pretrial conference and participate in discovery, it is also denied. Rule 16(f) authorizes sanctions for an attorney's or a party's failure to appear at a pretrial conference. Fed. R. Civ. P. 16(f)(1). The rule further authorizes the imposition of fees

in bad faith to reimburse legal fees and costs incurred by the other side." *Goodyear Tire*, 137 S.

Ct. at 1186 (citing *Chambers*, 501 U.S. at 45). "The imposition of sanctions pursuant to a court's

inherent authority is truly discretionary." *Yukos Capital S.A.R.L. v. Feldman*, 977 F.3d 216, 235

(2d Cir. 2020) (citation omitted).

In *Enmon v. Prospect Capital Corporation*, the Second Circuit stated that "[i]n order to

impose sanctions pursuant to its inherent power, a district court must find that: (1) the challenged

claim was without a colorable basis and (2) the claim was brought in bad faith, *i.e.,* motivated by

improper purposes such as harassment or delay." 675 F.3d 138, 143 (2d Cir. 2012) (citing

*Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336, 337 (2d Cir. 1999)). A claim is

"entirely without color when it lacks *any* legal or factual basis . . . Conversely, a claim is

colorable 'when it has some legal and factual support, considered in light of the reasonable

beliefs of the individual making the claim.'" *Schlaifer Nance*, 194 F.3d at 337 (citations

omitted). "[B]ad faith may be inferred 'only if actions are so completely without merit as to

require the conclusion that they must have been undertaken for some improper purpose such as

delay.'" *Id.* at 336 (citing *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996)).

Here, the record does not reflect that Plaintiff has acted in bad faith; Platinum Plus does

not claim that Plaintiff made misrepresentations, (*see* Dkt. No. 73-1); *cf. Enmon*, 675 F.3d at

144–46 (upholding a district court's finding of bad faith based on a party's "misrepresentation[]

by omission" and filing a motion that contained "persistent misrepresentations" (internal

citations omitted)), and Plaintiff's claims are not "so completely without merit as to require the

---

and costs "incurred because of any noncompliance with this rule" "[i]nstead of or in addition to any other sanction."
Fed. R. Civ. P. 16(f)(2). The Court finds that the severe sanction of dismissal is a sufficient sanction under Rule 16(f).

conclusion that they must have been undertaken for some improper purpose such as delay,"
*Schlaifer Nance*, 194 F.3d at 336 (internal citations omitted).[10]

  While a district court also has the inherent power to impose sanctions under its "inherent power 'to manage its own affairs so as to achieve the orderly and expeditious disposition of cases,'" *United States v. Seltzer*, 227 F.3d 36, 40–41 (2d Cir. 2000) (citation and internal marks omitted), here the Court finds that the sanction of dismissal with prejudice is a sufficient sanction and declines Defendant's request for attorney's fees and costs. *See Shasgus v. Janssen, L.P.*, No. 08-cv-180A, 2009 WL 2878542, 2009 U.S. Dist. LEXIS 79217 (W.D.N.Y. Sept. 2, 2009) (declining to impose attorneys' fees and costs in addition to sanction of dismissal with prejudice for failure to prosecute).

## IV. CONCLUSION

  For these reasons, it is hereby

  **ORDERED** that Defendant Platinum Plus's motion to dismiss under Fed. R. Civ. P. 41(b) for failure to prosecute and failure to comply with court orders (Dkt. No. 73) is **GRANTED,** and the Complaint (Dkt. No. 2) is **DISMISSED**; and it is further

  **ORDERED** that Defendant Platinum Plus's requests for injunctive relief and for attorney's fees and costs is **DENIED**; and it is further

  **ORDERED** that the Clerk of the Court is directed to serve a copy of this Memorandum-Decision and Order in accordance with the Local Rules and close this case.

  **IT IS SO ORDERED.**

Dated: August 22, 2022
   Syracuse, New York

Brenda K. Sannes
U.S. District Judge

---

[10] The Court cannot say that Plaintiff's claim was entirely without a colorable basis: his fraud claim survived motions to dismiss for failure to state claim. (Dkt. No. 49).